NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

**In Re APPLE INC.,**
*Petitioner*

2024-111

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 1:23-cv-00324-ADA, Judge Alan D. Albright.

**ON PETITION**

Before MOORE, *Chief Judge*, TARANTO and CHEN, *Circuit Judges*.

MOORE, *Chief Judge*.

**O R D E R**

Apple Inc. petitions for a writ of mandamus to direct the United States District Court for the Western District of Texas to transfer this patent infringement case to the United States District Court for the Northern District of California. Carbyne Biometrics, LLC opposes. For the following reasons, we deny the petition.

Carbyne filed suit against Apple in the Austin Division of the Western District of Texas, asserting six patents:

three "Authentication Patents"[1] asserted against Apple devices utilizing "Secure Enclave" and three "Fraud Reduction Patents"[2] asserted generally against Apple devices using the Apple Cash platform.

In July 2023, Apple moved pursuant to 28 U.S.C. § 1404(a) to transfer the case to the Northern District of California. That motion was fully briefed in November 2023. On December 12, 2023, the district court announced that it was going to deny the motion and that a written decision would be forthcoming. *See* Dkt. No. 69. On January 31, 2024, having received no written decision, Apple filed this mandamus petition asking to direct the district court to stay proceedings until the written decision was issued or to transfer the case to the Northern District of California. On February 6, 2024, this court issued an order directing a response. ECF No. 6.

On February 12, 2024, the district court issued its written decision denying transfer. It began by finding that Carbyne's infringement contentions implicate hardware and server-side aspects of the accused products. SAppx3. It then analyzed the traditional transfer factors, finding that the willing witness factor weighed against transfer based largely on five Apple employees in Austin knowledgeable about those aspects of the accused products. It also found that the compulsory process factor slightly weighed against transfer. It weighed the remaining factors as neutral. On balance, the court concluded that Apple had failed to demonstrate that the Northern District of California was clearly more convenient and therefore denied the transfer motion.

---

[1] U.S. Patent Nos. 10,929,512; 11,475,105; and 11,514,138.

[2] U.S. Patent Nos. 9,972,010; 10,713,656; and 11,526,886.

Mandamus is "reserved for extraordinary situations," *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (citation omitted). To obtain a writ of mandamus, a petitioner must show that: (1) it has a clear and indisputable right to relief; (2) it does not have any other adequate method of obtaining relief; and (3) the "writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004) (citation omitted). When evaluating transfer decisions under 28 U.S.C. § 1404(a), we generally apply the law of the regional circuit in which the district court sits, here the United States Court of Appeals for the Fifth Circuit. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). Applying Fifth Circuit law, we may grant mandamus only for "a clear abuse of discretion such that refusing transfer produced a patently erroneous result." *Id.* (cleaned up). Apple's petition fails to make that showing here.[3]

After considering the transfer factors, the district court concluded that Apple failed to establish good cause for transfer under the governing Fifth Circuit standards. It found that Apple maintains significant relevant operations in Austin, where some of the accused products are manufactured and were developed; the cost of attending trial in Austin would be less for the inventor residing in New York; sources of proof were created and maintained in both forums; third-party employees named in the complaint and identified as potential witnesses also reside in Austin; and Apple failed to identify any specific third-party individuals in Northern California who were unwilling to testify. Apple has not provided sufficiently compelling reasons to conclude that the district court clearly abused its discretion in making these fact-specific determinations, which plausibly

---

[3]  In light of the written transfer decision, Apple's request for a stay pending that decision is moot.

support the district court's denial of Apple's transfer motion.

The parties primarily dispute the willing witness factor, which largely turns on the district court's finding that the accused products' hardware and server-side functionality are potentially relevant to the infringement issues. Apple attempted to persuade the trial court that its employees in Austin do not possess relevant and material information because this case is limited to just the software features of the products. But the district court, after considering the scope of the asserted claims and information in possession of these Apple employees, reached a contrary conclusion. Mindful of the deferential standard of review on mandamus and that fact-intensive matters are principally entrusted to the district court, *see In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 (Fed. Cir. 2010), we are not prepared to say that the district court's assessment on this factor was so clearly wrong that it produced a patently erroneous result.[4]

Accordingly,

---

[4] Apple also argues that it identified additional unnamed team members in the Northern District, which were not counted. But we are not prepared to say that the district court clearly erred in refusing to credit these unnamed team members when presented with little information as to what, if any, relevant and material information they may possess.

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

March 18, 2024
Date

Jarrett B. Perlow
Clerk of Court